IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY OWEN, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-CV-00571 |
| GOLF & TENNIS PRO SHOP, INC., d/b/a PGA Tour Superstore, | § § § § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION TO STRIKE THE DECLARATIONS FILED
IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATION
OF COLLECTIVE ACTION AND BRIEF IN SUPPORT**

Defendant Golf & Tennis Pro Shop Inc., d/b/a PGA Tour Superstore ("Defendant" or "PGA Tour Superstore") hereby moves to strike portions of the Declarations submitted by Plaintiff Gary Owen ("Plaintiff") in connection with his Motion for Certification of Collective Action and Brief in Support for the reasons that follow:

### I.  INTRODUCTION AND SUMMARY OF ISSUES

On January 15, 2010, Plaintiff filed a Motion for Certification of Collective Action and Brief in Support. *See* Docket No. 8. In support thereof, Plaintiff submitted five declarations – one for himself ("Owen Declaration") and one each from Jared Kaplan, Tony Labella, Maulana Dotch, and Troy Jacobs (respectively, the "Kaplan Declaration," the "Labella Declaration," the "Dotch Declaration," and the "Jacobs Declaration") (collectively, the "Declarations"). Plaintiff, Jared Kaplan, Tony Labella, Maulana Dotch, and Troy Jacobs (collectively, the "Declarants") are former golf instructors for PGA Tour Superstore who worked at one of two PGA Tour Superstore locations in Plano, Texas.

The Declarations are riddled with speculation, vague and conclusory statements, improper hearsay statements, and conclusions of law—all of which constitute incompetent evidence. For these reasons, the Declarations should be struck in their entirety, or alternatively, and at a minimum, the incompetent portions of the Declarations should be stricken from the record.

## II.   OBJECTIONABLE STATEMENTS

Defendant objects to and moves to strike the following statements from the Declarations as inadmissible hearsay and speculation:

1. "I am aware that the golf instructors at all locations performed the same, or substantially the same, job duties I did, of golf instruction and the sale of golf clothing and equipment, as I was so advised of this by PGA Tour Superstore management." (Owen Dec. ¶ 5).

2. "That knowledge is based on the fact that we were advised by management employees of PGA Tour Superstore that the other golf instructors worked the same type of schedules we did, and were also compensated the same way." (Owen Dec. ¶ 7; Kaplan Dec. ¶ 6; Labella Dec. ¶ 6; Dotch Dec. ¶ 6; Jacobs Dec. ¶ 6).

3. "The golf instructors including myself were advised by management that since we were salaried workers our manager could require us to work as many hours as they wanted us to without compensating us above the amount of our salary." (Owen Dec. ¶ 8; *see also* Kaplan Dec. ¶ 7; Labella Dec. ¶ 7; Dotch Dec. ¶ 7; Jacobs Dec. ¶ 7[1]).

4. "I also believe that PGA Tour Superstore did not properly compensate my co-workers, at its other retail locations, because we discussed this matter amongst ourselves, and we were advised by management employees of the company that all of the golf instructors were being similarly compensated." (Owen Dec. ¶ 9; Kaplan Dec. ¶ 8; Labella Dec. ¶ 8; Dotch Dec. ¶ 8; Jacobs Dec. ¶ 8).

---

[1] The text of the Kaplan, Labella, Dotch, and Jacobs Declarations includes one additional word in this sentence: "…wanted us to **work** without compensating…." (Kaplan Dec. ¶ 7; Labella Dec. ¶ 7; Dotch Dec. ¶ 7; Jacobs Dec. ¶ 7) (emphasis added).

**DEFENDANT'S MOTION TO STRIKE DECLARATIONS FILED IN SUPPORT OF PLAINTIFF'S MOTION FOR CERTIFICATION OF COLLECTIVE ACTION  AND BRIEF IN SUPPORT—PAGE 2**
Dallas 21113.3

5. "I am advised by my attorneys that I should have been paid at time and one-half per hour for all hours worked in excess of forty." (Owen Dec. ¶ 8; *see also* Kaplan Dec. ¶ 7; Labella Dec. ¶ 7; Dotch Dec. ¶ 7; Jacobs Dec. ¶ 7[2]).

6. "I personally had conversations with other workers who claim to have been underpaid just like me." (Owen Dec. ¶ 11).

Defendant also objects to and moves to strike statements numbered 4 through 6 above because they contain improper legal conclusions, and Defendant further objects to and moves to strike the following statements from the Declarations as improper legal conclusions and speculation:

7. "I was never properly compensated for those hours I worked in excess of forty (40) per week for PGA Tour Superstore." (Owen Dec. ¶ 6; Kaplan Dec. ¶ 5; Labella Dec. ¶ 5; Dotch Dec. ¶ 5; Jacobs Dec. ¶ 5[3]).

8. "At locations outside of Texas, I believe that the golf instructor employees had the same work schedules and payment of compensation as at the Plano, Texas locations, and that these employees were not properly compensated for their overtime wages, just like me." (Owen Dec. ¶ 7; Kaplan Dec. ¶ 6; Labella Dec. ¶ 6; Dotch Dec. ¶ 6; Jacobs Dec. ¶ 6).

9. "I was never properly compensated for work I performed in excess of forty hours per week." (Owen Dec. ¶ 8; Kaplan Dec. ¶ 7; Labella Dec. ¶ 7; Dotch Dec. ¶ 7; Jacobs Dec. ¶ 7).

10. "I am seeking the overtime pay that I am entitled to receive under the law." (Kaplan Dec. ¶ 9; Labella Dec. ¶ 9; Dotch Dec. ¶ 9; Jacobs Dec. ¶ 9).

11. "I am seeking for myself and for my co-workers, the overtime pay that we are entitled to receive under the law." (Owen Dec. ¶ 10).

12. "I believe that my former co-workers who currently still work at PGA Tour Superstore, are fearful to bring this case on their own, for fear of being retaliated against by the company, by being terminated, especially since I was terminated after filing a complaint with the Department of Labor about non-payment of overtime." (Owen Dec. ¶ 12).

---

[2] The text of the Kaplan, Labella, Dotch, and Jacobs Declarations is different, though the content is the same, as those Declarants state instead: "I am advised by the attorneys for Mr. Owen, that I should have been paid at time and one-half per hour for all hours worked in excess of forty." (Kaplan Dec. ¶ 7; Labella Dec. ¶ 7; Dotch Dec. ¶ 7; Jacobs Dec. ¶ 7).

[3] The text of the Kaplan, Labella, Dotch, and Jacobs Declarations is slightly different than that in the Owen Declaration, stating "I was never properly compensated for **the** hours…" rather than "those hours." (Kaplan Dec. ¶ 5; Labella Dec. ¶ 5; Dotch Dec. ¶ 5; Jacobs Dec. ¶ 5) (emphasis added).

13. "I have decided to bring this lawsuit to recover wages owed to all of the current and former exploited workers at PGA Tour Superstore, who did not receive proper compensation for all of the hours worked." (Owen Dec. ¶ 12).

14. "I anticipate that other current and former of PGA Tour Superstore employees will join this litigation if they are provided with notice and an opportunity to join." (Owen Dec. ¶ 12).

### III.   ARGUMENTS AND AUTHORITIES

Plaintiff offers five nearly identical, boilerplate declarations littered with speculation, legal conclusions, and hearsay—none of which is sufficient to satisfy his obligation for obtaining class certification. Defendant, therefore, urges the Court to strike all five of the deficient Declarations, and moves the Court, in the alternative, to strike the statements numbered 1 through 14 above for the reasons stated herein.

**A.**   *Statements containing inadmissible hearsay should be stricken.*

Defendant moves to strike the inadmissible hearsay statements numbered 1 through 6 above from the Declarations. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801. Hearsay is not appropriately considered when a court is considering whether to certify a collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. *See Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 866-67 (S.D. Ohio 2005) (striking inadmissible hearsay from affidavits supporting motion for collective action); *Richards v. Computer Sciences Corp.*, No. 3-03-CV-00630 (DJS), 2004 U.S. Dist. LEXIS 19637, at *3-6 (D. Conn. Sept. 28, 2004) (striking hearsay statements from affidavit and others not based upon personal knowledge). Indeed, hearsay is never admissible unless provided by an exception. FED. R. EVID. 802.

The Declarations include the following hearsay statements: First, in statement number 1 above, Plaintiff alleges that he was "advised" by "management" (without any identification of

the name, position, location, or any other identifying information regarding this alleged person) that "golf instructors at all locations performed the same, or substantially the same, job duties I did." Second, in statements numbered 2 and 4 above, all Declarants assert that they were "advised" by "management employees" (again without any specific identifying information regarding such individuals) that all "golf instructors worked the same type of schedules" and were compensated in the same way. Third, in statement number 3 above, all Declarants assert that they were again "advised by management" that their managers could require them to work as many hours as they liked without providing them with additional compensation over and above their respective salaries. Additionally, in statement number 5 above, all Declarants advance a legal conclusion regarding how they should have been paid based on advice they received from legal counsel. Finally, in statement number 6 above, Owen claims that he had conversations with other workers (again without identifying any specific information about these individuals such as names, positions, locations, or dates of these alleged conversations) "who claim to have been underpaid just like me."

Importantly, the Declarants fail to identify even one "management employee" with whom they spoke, the person's position within the company, the store or location where the person worked, when these conversations occurred, or in what context these statements were made. Therefore, to the extent Plaintiff attempts to argue that these statements are non-hearsay as admissions by a party opponent, *see* FED. R. EVID. 801(d)(2), such an argument lacks merit. This is also the case with respect to any statements made by "other workers," as referenced by Owen in statement number 6 above.

There is no specific statement attributed to a specific management employee of PGA Tour Superstore, but rather simply vague assertions of "advice" given by unidentified

"management employees." In addition, none of the Declarants provide sufficient context upon which this Court could determine that this alleged "advice"—to the extent it can even be considered a statement—constitutes an admission by Defendant, for there is nothing from which the Court can draw information regarding who specifically made the statements, whether those statements were made while the "management employee(s)" were still employed by Defendant, or whether those statements were made during the applicable limitations period. In addition, Owen fails to provide any identifying information such as position, dates of employment, or location of the "other workers" with whom he allegedly spoke. Even if the Court were to credit any of these assertions, without any context, it is impossible to determine whether these unnamed "management employees" or "other workers" even have personal knowledge of the Defendant's pay or scheduling practices outside of the store at which they worked. As a result, there is insufficient information in any of the Declarations to support a colorable argument that these statements should be admitted under Federal Rule of Evidence 801(d)(2).

Moreover, it is clear that the Declarants are offering the statements numbered 1 through 6 above for the truth of the matter asserted, and there is no hearsay exception that would apply to such statements. An extra judicial statement, when testified to by one other than the maker, is not admissible as substantive evidence, as such statement clearly falls afoul of the hearsay rule. *U.S. v. Johnson*, 427 F.2d 957, 960 (5th Cir. 1970). Furthermore, it is clear that the Declarations are entirely self-serving and, in light of the Declarants' bias, there is "too great a risk of inaccuracy or untrustworthiness to provide the circumstantial guarantees of trustworthiness contemplated by the hearsay exceptions." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (5th Cir. 1991).

For the foregoing reasons, statements numbered 1 through 6 above should be stricken from the record, as inadmissible hearsay. Accordingly, those portions of the Declarations are not properly before this Court for purposes of determining whether to grant Plaintiff's motion requesting class certification.

**B.**   *Statements containing improper legal conclusions and speculation should be stricken.*

Defendant also moves to strike the inadmissible statements numbered 4 through 14 above because they contain sheer speculation and legal conclusions. Declarations that support motions for conditional certification must be based upon *personal knowledge*. *See Mike v. Safeco Ins. Co. of Amer.*, 223 F.R.D. 50, 52 n.2 (D. Conn. 2004). Speculative, vague, and conclusory allegations such as these are insufficient to meet this burden. *Harris v. FFE Transp.* 3:05-CV-0077-P, 2006 U.S. Dist. LEXIS 51437, at *14 (N.D. Tex. May 15, 2006) (denying motion to notice putative plaintiffs where named plaintiffs failed to offer anything more than affidavits containing conclusory allegations); *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2005) ("[T]he initial *ad hoc* FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

Declarants' generalized beliefs regarding the job scheduling and compensation of unnamed employees (who are located throughout the United States) are not properly before this Court. In statements numbered 4, 5, 6, 7, 9, 10, 11, and 13 above, the Declarants speculate that neither they, nor those who shared the same job title, were properly compensated. These statements are nothing more than vague, speculative legal conclusions. The Declarants further speculate, in statements numbered 4 and 8, that commonalities existed across all of Defendant's stores regarding the amount of compensation provided, the method by which such compensation was calculated, and the hours of work performed.

In statements numbered 4 and 8 above, Declarants state that they "believe" other employees who shared their same job titles were not properly compensated, and that these other employees worked the same work schedules and were similarly compensated as the Declarants. However, Declarants offer no specific facts to establish a reasonable basis for these beliefs other than the hearsay statement that co-workers "discussed this matter amongst" themselves. Critically, Declarants do not offer statements regarding the locations in which these unidentified "co-workers" worked. Indeed, it is not clear that the Declarants have ever communicated with anyone who worked at any of the eight stores outside of Plano, Texas. Certainly none of the Declarants state that they personally ever worked at any of the stores located outside of Texas.

Additionally, the Declarants offer nothing more than their own personal "beliefs" regarding the operating schedules other employees might have had. However, the Declarants wholly fail to explain the manner in which they were compensated, let alone the manner in which they believe others are or were compensated. Instead, the Declarants merely offer their own legal opinions in statements numbered 4, 5, 6, 7, 9, 10, 11, and 13 above that they and other employees were improperly compensated. If Declarants' legal pontifications about the propriety of Defendant's compensation policies were sufficient to establish the existence of an unlawful pay practice, there would be no need to proceed with the adjudication of this lawsuit. Of course, this is not so, and in fact, courts routinely exclude testifying *experts* who attempt to tell the fact-finder what result to reach. *See Curtis v. Oklahoma City Public Schs Bd.*, 147 F.3d 1200, 1219 (10th Cir. 1998); *Torres v. County of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985). The justification for not considering the lay witness Declarants' incompetent legal conclusions is even more compelling.

Unsupported statements of belief such as those advanced in statements numbered 4, 5, 6, 7, 8, 9, 10, 11, and 13 above are simply not sufficient to establish Plaintiff's theory that employees were similarly situated. *See Bernard v. Household Int'l, Inc.*, 231 F. Supp.2d 433, 436 (E.D. Va. 2002) (holding that phrases such as "I believe that" and "it is my understanding" are insufficient to establish similarly situated). Therefore, they should be stricken by this Court.

For similar reasons, Defendant also moves to strike the statements from the Owen Declaration regarding Plaintiff's beliefs that employees fear reprisal by Defendant if they participate in this litigation and that he "anticipate[s]" that others will join if given the opportunity. Plaintiff again offers no facts to substantiate these beliefs. First, he identifies no one with whom he has had contact who harbors such fears of reprisal. Indeed, he also fails to offer any explanation as to how out-of-state or even local employees would have knowledge regarding Plaintiff's separation from employment such that they might draw a negative inference that Defendant allegedly retaliated against Plaintiff. Plaintiff appears to have fabricated an atmosphere of fear and imputed that fear onto unnamed employees. Such fabrications are not competent evidence.

In addition, Plaintiff fails to identify anyone, other than Kaplan, Labella, Dotch, and Jacobs, who has indicated any interest in participating in this litigation; instead, he offers only that he "anticipate[s]" that others will join once they receive notice. Plaintiff's statement suggests that others do not have notice of this lawsuit, which, raises this issue: if Plaintiff has not communicated with other employees to provide them with notice of this lawsuit, how can he possibly provide a competent statement about their work schedules, compensation, or fears of reprisal? This, again, calls into question whether Plaintiff has *any* factual basis for the beliefs advanced in his Declaration.

Ultimately, Plaintiff fails to provide the Court with the requisite *personal knowledge* necessary to support his request for conditional certification. *See Mike v. Safeco Ins. Co. of Amer.*, 223 F.R.D. 50, 52 n.2 (D. Conn. 2004). For these reasons Defendant requests that statements numbered 4 through 14 be stricken from the record because they are vague, speculative, and contain legal conclusions from lay witnesses and are, therefore, not properly before this Court for consideration.

WHEREFORE, Defendant respectfully requests that all of the declarations submitted in support of Plaintiff's Certification Motion be stricken from the record, or alternatively, at a minimum, that the statements in paragraphs 5, 6, 7, 8, 9, 10, 11, and 12 of Owen's Declaration and in paragraphs 5, 6, 7, 8, and 9 of the Kaplan, Labella, Dotch, and Jacobs Declarations be stricken from the record.

Respectfully submitted,

*/s/ Paul M. Lanagan*
Michael P. Royal
Texas Bar No. 00784886
Paul M. Lanagan
Texas Bar No. 24065584
Fisher & Phillips LLP
4343 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122
mroyal@laborlawyers.com
planagan@laborlawyers.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 1st day of February, 2010, counsel for Defendant conferred with opposing counsel about multiple deficiencies with the Declarations of Gary Owen, Jared P. Kaplan, Tony Labella, Maulana Dotch, and Troy Jacobs submitted in support of Plaintiff's Motion for Certification of Collective Action and Brief in Support. This conference was initiated in a good faith effort to resolve the matters presented by this Motion without the necessity of Court action, pursuant to Local Rule CV-7(h). An associate in my office, Isabel Andrade Crosby, conferred with Christine Neill, counsel for Plaintiff, by telephone conference on February 1, 2010. After a discussion regarding the language Defendant finds objectionable, Plaintiff's counsel stated that she was opposed to this Motion. Accordingly, this Motion is presented to the Court for determination as an opposed motion.

*/s/ Paul M. Lanagan*
Paul M. Lanagan

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st of February, 2010, I electronically filed the above and foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept such Notice as service of this document by electronic means:

Christine Neil
NEILL & BYRNE, PLLC
2214 Main Street
Dallas, Texas 75201

*/s/ Paul M. Lanagan*
Paul M. Lanagan