IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GARY OWEN, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. |
| vs. | § § | 4:09-CV-00571 |
| GOLF & TENNIS PRO SHOP, INC., d/b/a PGA Tour Superstore, | § § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF COLLECTIVE**
**ACTION AND DENYING DEFENDANT'S MOTIONS TO STRIKE DECLARATIONS**

Pending before the court are (1) the "Plaintiff's Motion for Certification of Collective Action" (Dkt. #8), (2) the "Defendant's Motion to Strike the Declarations Filed in Support of Plaintiff's Motion for Certification of Collective Action" (Dkt. #12), and (3) the "Defendant's Motion to Strike the Declaration of Heather Ruhe" (Dkt. #26). For the following reasons, the Plaintiff's motion is **GRANTED**, with certain limitations, and the Defendant's motions are **DENIED**.

**I. BACKGROUND**

This is a suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Plaintiff Gary Owen alleges that his former employer, Defendant Golf & Tennis Pro Shop, Inc. d/b/a PGA Tour Superstore ("PGA Superstore"), failed to pay him and other similarly situated employees for overtime work.[1]

---

[1]Owen's original complaint also includes a claim against the PGA Superstore for allegedly retaliating against him, in violation of the FLSA, 29 U.S.C. §215, for filing a complaint

The PGA Superstore sells golf equipment and other golf related items and currently operates ten retail stores in the following locations: North Myrtle Beach, South Carolina; Myrtle Beach (Broadway), South Carolina; Roswell, Georgia; Kennesaw, Georgia; Duluth, Georgia; Plano (Accent Drive), Texas; Plano (Preston Road), Texas; Chandler, Arizona; Scottsdale, Arizona; and Naples, Florida. Rhoades Decl. at ¶ 3-4.

Owen was employed by the PGA Superstore as a golf instructor from February 2007 until his termination in September 2009. *Id.* at ¶ 5-6. During his employment with the company, Owen worked at both PGA Superstore locations in Plano, Texas (Accent Drive and Preston Road). *Id.* at ¶ 5. Owen's duties as a golf instructor generally included providing golf instruction to customers and selling store merchandise. *Id.* at ¶ 7.

Owen alleges that the PGA Superstore, in violation of the FLSA, 29 U.S.C. §§ 206 and 207, repeatedly required him to work over forty hours a week and that he was never paid for the hours he worked in excess of forty hours. Owen Decl. at ¶ 6. Significant to this motion, Owen also alleges that other PGA Superstore golf instructors were similarly required to work more than forty hours a week and not paid for their excess work. *Id.* at ¶ 7.

In 2009, as part of a process supervised by the U.S. Department of Labor (DOL), the PGA Superstore reached a compromise of disputed wage claims with the DOL and agreed to tender certain wage payments to all of the golf instructors employed by the company for approximately the two-year period immediately preceding the date of payment. Rhoades Decl. at ¶ 9. Each of the qualifying golf instructors also executed a release of all wage and hour claims against the

---

about the company with the U.S. Department of Labor (DOL). The retaliation claim, however, is an individual claim and therefore not relevant to this motion for collective action.

PGA Superstore. *Id.* Owen rejected the company's offer. *Id.* at ¶ 10.

Owen filed his original complaint on November 10, 2009 (Dkt. #1). On January 15, 2010, Owen filed this motion for certification of a collective action under the FLSA, 29 U.S.C. §216(b), and for authority to notify potential class members. In support of his motion, Owen attached declarations from himself and four other PGA Superstore golf instructors - Jared Kaplan, Tony Labella, Maulana Dotch, and Troy Jacobs - who allege that they too were required to work in excess of forty hours a week and were not paid overtime wages for their excess work (Dkt. #8). Kaplan, Labella, Dotch, and Jacobs all worked in one of the two PGA Superstore locations in Plano, Texas (Accent Drive and Preston Road). Owen later filed a declaration from another golf instructor - Heather Ruhe - with the same allegations (Dkt. #23). Ruhe worked in four PGA Superstore locations: Kennesaw, Georgia; both Plano, Texas locations (Accent Drive and Preston Road); and Roswell, Georgia. Like Owen, all five of these employees rejected the PGA Superstore's offer of compromise. Rhoades Decl. at ¶ 10. In addition to its opposition to Owen's motion for collective action, the company has filed motions to strike all six of the declarations (including Owen's) that Owen filed in support of his motion.

## II. LEGAL STANDARD

The FLSA provides that an action may be brought against an employer for violating §206 or §207 of the Act "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). Courts refer to this type of action as an FLSA "collective action." A collective action under §216(b) is akin to a class action under Rule 23 of the Federal Rules of Civil Procedure. A key difference between the two, however, is that under §216(b), absent class members do not share in any recovery (and are not bound by the

judgment) unless they voluntarily opt into the collective action.

Under §216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members. *Sedtal v. Genuine Parts Co.*, 2009 WL 2216593, at *2 (E.D.Tex. July 23, 2009). The Fifth Circuit has acknowledged two approaches that a district court may take when deciding whether to certify collective actions and authorize notice: (1) the *Lusardi* two-stage approach; and (2) the *Shushan* "spurious class action" approach. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) and *Shushan v. University of Colorado*, 132 F.R.D. 263 (D.Colo. 1990)). The *Lusardi* two-stage approach is the prevailing standard among federal courts, *Sedtal*, 2009 WL 2216593, at *2, and is the standard most frequently used by this court, *see, e.g.*, *Sedtal*, 2009 WL 2216593, *Beall v. Tyler Technologies, Inc.*, 2009 WL 1766141 (E.D.Tex. June 23, 2009), *Mims v. Carrier Corp.*, 2008 WL 906335 (E.D.Tex. March 31, 2008). Consequently, the court will apply the *Lusardi* two-stage approach in this case.

Under the *Lusardi* approach, certification for a collective action under §216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage. *Mooney*, 54 F.3d at 1213-14. In the notice stage, a district court makes a decision, based on the pleadings and any affidavits, whether to "conditionally" certify the collective action and authorize notice to potential class members. *Id.* The certification at this stage is only "conditional" because the court may later choose, under the merits stage, to "decertify" the collective action upon a showing that the case lacks merit for collective action, i.e. the plaintiffs are not "similarly situated" under §216(b). *Id.* at 1214. The merits stage typically occurs after discovery is mostly complete and upon motion by the defendant. *Id.*

This case is in the first stage under *Lusardi*. Under the first stage, the plaintiff bears the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist. *Mims*, 2008 WL 906335, at *3. Because a motion for conditional certification usually occurs early in the case, and thus the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan. *Mooney*, 54 F.3d at 1214. In addition, the court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions. *Allen v. McWane, Inc.*, 2006 WL 3246531, at *2 (E.D.Tex. Nov. 7, 2006). However, a plaintiff need only show that their positions are similar to the potential plaintiffs, not identical. *Id.*

While the preliminary factual showing under the first stage of *Lusardi* is fairly lenient, it still must be based on competent evidence in order to avoid allowing unwarranted litigation. *Mims*, 2008 WL 906335 at *3. This means, at the very least, that the preliminary factual showing must be based on a personal knowledge of the facts. *Khan v. Cougar Stop, Inc.*, 2007 WL 2777774, at *1 (S.D.Tex. Sept. 21, 2007); *Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134, at *3 (N.D.Tex. Sept. 19, 2006); *Torres v. CSK Auto, Inc.*, 2003 WL 24330020, at *2 (W.D.Tex. Dec. 17, 2003).

The statute of limitations on FLSA claims is generally two years. 29 U.S.C. §255(a). However, the statute provides a three year limitations period for willful violations. *Id.* The statute of limitations continues to run as to all similarly situated employees until they opt into the collective action. *Hayes v. Laroy Thomas, Inc.*, 2006 WL 1004991, at *7 (E.D.Tex. April 18, 2006).

## III. DISCUSSION

**A. Owen's Motion for Certification of Collective Action**

The PGA Superstore argues that Owen's motion for certification of collective action should be denied on several grounds. First, the company argues that Owen has failed to identify potential class members for whom notice would be appropriate. The court rejects this argument. The five declarations produced by Owen from other PGA Superstore golf instructors sufficiently demonstrate the existence of potential class members.

The PGA Superstore similarly argues that, because of the DOL supervised settlement process, the pool of golf instructor employees that could potentially join the class has shrunk to at most eleven people, and therefore the potential class size is too small to warrant collective action under §216(b). While the potential class here would be small, unlike class actions under Rule 23 of the FRCP, numerosity is not a requirement for collective action under §216(b). *Cantu v. Vitol*, 2009 WL 5195918, at *4-5 (S.D.Tex. Dec. 21, 2009) (certifying collective action for a potential class of at most ten people); *Watson v. Travis Software Corp.*, 2008 WL5068806, at *7-8 (S.D.Tex. Nov. 21, 2008). Thus, that the class in this case would be no greater than eleven people does not weigh against certification.

Next, the PGA Superstore argues that the potential class members proposed by Owen are not similarly situated enough to justify collective action under §216(b). In support of this argument, the company emphasizes the potential differences in the job duties and work schedules of golf instructors working at different stores. The company's argument is unpersuasive because it overlooks the lenient standard under *Lusardi* for deciding whether to certify collective actions under §216(b).

Under the first stage of *Lusardi*, the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices. *Allen*, 2006 WL 3246531, at *3."'The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under §216(b)].'" *Watson*, 2008 WL 5068806, at*5 (quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D.Conn. 2007). Further, as long as the basic tasks and pay practices are the same, it is immaterial that the employer's different locations may have their own rules and procedures. *Beall*, 2009 WL 1766141, at *3; *Allen*, 2006 WL 3246531, at *3.

Here, Owen has sufficiently demonstrated, through his own and the other five declarations, that he and other PGA Superstore golf instructors shared the same basic job duties and were subject to the same pay practices. They all claim that their primary duties were providing golf instruction to customers and selling golf-related items, and that they were regularly required to work overtime without pay. In addition, the settlement offers made by the PGA Superstore to its golf instructor employees over disputed wage claims provide circumstantial evidence that the class proposed by Owen is similarly situated. *See Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807, 811 (S.D.Tex. 2003) (finding that the defendant's settlement offer to class of employees over disputed wage claims constituted circumstantial evidence that employees were similarly situated under §216(b)).

Lastly, the PGA Superstore argues that Owen has failed to demonstrate the existence of similarly situated employees because his and the five other declarations filed in the case are not competent evidence. The PGA Superstore is correct to the extent that some of the allegations in the declarations were not based on the personal knowledge of the declarants. The allegations in

the declarations regarding the pay practices of PGA Superstore locations other than where the declarants worked lack personal knowledge and therefore do not suffice even under the lenient *Lusardi* standard. The same is true for allegations in the declarations regarding the job duties of golf instructors at other PGA Superstore locations. However, the allegations in the declarations regarding the pay practices and job duties at the PGA Superstore locations where the six declarants worked, i.e. the two Plano, Texas locations (Accent Drive and Preston Road) and the two Georgia locations (Roswell and Kennesaw), are based on personal knowledge and are therefore proper.

The court, therefore, finds that Owen has come forward with evidence sufficient to warrant conditional certification of a collective action and notice to potential class members. Accordingly, the court **GRANTS** Owen's motion, but with the following limitations on the collective action and notice: (1) to PGA Superstore golf instructors employed at the company's retail stores in Plano, Texas (Accent Drive and Preston Road), Roswell, Georgia, and Kennesaw, Georgia; and (2) to PGA Superstore golf instructors employed at those stores at any time beginning three years before the filing of this lawsuit.[2]

To facilitate notice, the court **ORDERS** the PGA Superstore to provide Owen with the names and available contact information of potential class members as determined by the foregoing limitations. Such disclosure shall occur within ten days following this order. In addition, per the court's previous order (Dkt. #13), the PGA Superstore is authorized to respond

---

[2]The term of three years reflects the three-year statute of limitations for willful violations of the FLSA. *See* 29 U.S.C. §255(a). However, the court makes no determination at this time about the appropriateness of the three year statute of limitations, as willfulness is a question of fact to be decided later in the case. *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 897 (E.D.Tex. 1997).

to the form of notice to potential class members as proposed by Owen within ten days following this order.

Owen is granted leave to move within twenty days following this order for reconsideration of the scope of the collective action and notice order provided he can produce competent evidence of the pay practices and job duties at other PGA Superstore locations, at which time this court will determine whether the scope of the order should be modified accordingly.

The PGA Superstore will have an opportunity under stage two of *Lusardi* to make a motion to "decertify" the collective action if, after discovery, it can show that the class members are not similarly situated.

**B. PGA Superstore's Motion to Strike the Declarations Filed in Support of Plaintiff's Motion**

The PGA Superstore argues that the declarations filed in support of Owen's motion for collective action and notice should be stricken for lack of competence. Alternatively, they argue that only certain portions of the declarations should be stricken for lack of competence.

The portions of the declarations relevant to Owen's motion to certify a collection action are the allegations about the PGA Superstore's pay practices and the job duties of the company's golf instructors. The PGA Superstore's arguments about the competence of other allegations in the declarations are not relevant to this motion and, therefore, were not considered by the court.

As stated above, relevant allegations in the declarations that were not based on the personal knowledge of the declarant, i.e. the pay practices and job duties at PGA Superstore locations at which the declarants did not work, are incompetent to support Owen's motion.

However, because the court disregarded these allegations in shaping its ruling, the PGA Superstore's motion to strike is unnecessary. The remaining portions of the declarations relevant to Owen's motion, i.e. allegations about the pay practices and job duties at PGA Superstore locations at which the declarants did work, are based on personal knowledge and therefore proper. Consequently, the PGA Superstore's motion to strike is **DENIED**.

**C. PGA Superstore's Motion to Strike the Declaration of Heather Ruhe**

The PGA Superstore's motion to strike the declaration of Heather Ruhe is **DENIED** for the same reasons its motion to strike the other declarations was denied. See above.

## IV. CONCLUSION

Owen's motion for conditional certification of a collective action and for authorization to send notice to potential class members (Dkt. #8) is **GRANTED**. The collective action and notice are limited as follows: (1) PGA Superstore golf instructors employed at the company's retail stores in Plano, Texas (Accent Drive and Preston Road), Roswell, Georgia, and Kennesaw, Georgia; and (2) PGA Superstore golf instructors employed at those stores at any time beginning three years before the filing of this lawsuit.

To facilitate notice, the court **ORDERS** the PGA Superstore to provide Owen with the names and available contact information of potential class members, as determined by the foregoing limitations. Such disclosure shall occur within ten days following this order. In addition, per the court's previous order (Dkt. #13), the PGA Superstore is authorized to respond to the form of notice as proposed by Owen within ten days following this order.

The PGA Superstore's motions to strike all six of the declarations filed by Owen in support of his motion for collective action and notice (Dkt. # 12 and 26) are **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 30th day of September, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE