**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| GARY OWEN, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. |
| vs. | § § | 4:09-CV-00571 |
| GOLF & TENNIS PRO SHOP, INC., d/b/a PGA Tour Superstore, | § § § § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S EMERGENCY MOTION**

Before the court is Defendant's "Emergency Rule 60(b) Motion for Relief from the

Court's September 30, 2010 Order Granting, in Part, Plaintiff's Motion for Certification of

Collective Action" (dkt. #33). After considering the Defendant's motion and Plaintiff's response,

the Defendant's motion is **GRANTED**.

**I. BACKGROUND**

On September 30, 2010, the court granted the Plaintiff's motion for conditional

certification of a collective action under the Fair Labor Standards Act, 29 U.S.C. §216(b) (dkt.

#32). The court also authorized notice to potential class members with the following limitations:

(1) to PGA Superstore golf instructors employed at the company's retail stores in Plano, Texas

(Accent Drive and Preston Road), Roswell, Georgia, and Kennesaw, Georgia; and (2) to PGA

Superstore golf instructors employed at those stores at any time beginning three years before the

filing of this lawsuit. On October 4, 2010, the Defendant filed this emergency motion (dkt. #33),

arguing that the scope of notice should begin three years before the date of the order (entered on September, 30, 2010) rather than three years before the filing of the lawsuit (filed on November 19, 2009).

## II. DISCUSSION & ANALYSIS

The Defendant argues that because the three-year statute of limitations continues to run on potential class members until they opt into the collective action, notice under the court's order will result in notification to PGA Superstore golf instructors whose claims are time-barred.[1] The Defendant argues, then, that the scope of notice should only go back three years from the date of the order, thus reducing the number of time-barred plaintiffs that are notified.

The Plaintiff opposes the Defendant's motion and argues that the scope of notice under the court's order is appropriate. The Plaintiff acknowledges that the court's order will permit notice to PGA Superstore golf instructors whose claims are time-barred. However, the Plaintiff argues that some of these employees may still be able to join the collective action based on the doctrine of equitable tolling. The "doctrine of equitable tolling preserves a Plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is available only in "rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). It has been applied principally to situations when "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," *Patterson*,

---

[1]As noted in the court's September 30, 2010 order, the term of three years reflects the three-year statute of limitations for willful violations of the FLSA. *See* 29 U.S.C. §255(a). However, the court makes no determination at this time about the appropriateness of the three year statute of limitations, as willfulness is a question of fact to be decided later in the case. *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 897 (E.D.Tex. 1997).

211 F.3d at 930-31, or when the plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990).

Granting the Defendant's motion would in effect prevent notification of the collective action to golf instructors employed at four PGA Superstore stores who were terminated within the ten to eleven month period between November 19, 2006 (three years before the date the lawsuit was filed), and September 30, 2007 (three years before the order was entered). It is difficult to imagine how notification to what is likely a small group under the court's September 30, 2010 order would cause an "interruption to the business of PGA Superstore." Nevertheless, the court agrees with the Defendant that the scope of notice should begin three years before the date of the court's September 30, 2010 order rather than three years before the date the lawsuit was filed. This will limit the number of PGA Superstore golf instructors who are notified of the collective action but whose claims are time-barred.

The Plaintiff has presented no evidence of extraordinary circumstances to warrant equitable tolling, and the court finds that the mere possibility of the doctrine's application does not justify notice to PGA Superstore golf instructors whose claims are time-barred. The court does note, however, that discovery has not yet commenced in this case. Should the Plaintiff discover evidence that would warrant equitable tolling, he can move to expand the scope of notice as justified by the evidence.

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion (dkt. #33) is **GRANTED.** The deadlines set forth in the court's September 30, 2010 order (dkt. #32) are to be measured from

the date of this order.

**IT IS SO ORDERED.**

        **SIGNED this the 7th day of October, 2010.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE